## 15387. WILLIAMS v. THOMPSON.

BLOODWORTH, J. 1. In instructing the jury in this case the judge clearly and fairly presented the issues raised by the pleadings and the evidence. Not one of the excerpts from the charge embodied in the motion for a new trial is subject to the criticism that it is "not adjusted or applicable to the pleadings or the facts in the case," or to any other criticism lodged against it. If fuller instructions were desired on any of the issues presented to the jury, a proper and legal written request therefor should have been made to the judge, as provided by section 6084 of the Civil Code (1910).

2. The verdict in this case (for $750) is not "so excessive as to justify the inference of gross mistake or undue bias."

3. The questions of fact were passed upon by the jury; the trial judge has sanctioned their finding by refusing to grant a new trial; there is some evidence to support the verdict; no error of law was committed on the trial; and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 7, 1924.

Action for assault and battery; from city court of Thomasville— Judge Hammond. January 24, 1924.

*Titus & Dekle,* for plaintiff in error.

*W. W. Alexander, H. J. MacIntyre,* contra.

---

## 15391. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v. CULP.

BLOODWORTH, J. The judge of the municipal court of Atlanta did not err in excluding the evidence of which complaint is made in the petition for certiorari, nor did the judge of the superior court err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 7, 1924.

Certiorari; from Fulton superior court—Judge Ellis. · January 28, 1924.

*Randolph, Parker & Fortson,* for plaintiff in error.

*G. & J. L. Westmoreland, Sidney Smith, S. L. Eplan,* contra.